# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICKEY CASTILLO, | : |
| Petitioner, | : |
| v. | : 3:14-CV-418 |
| | : (JUDGE MARIANI) |
| JON FISHER, et al., | : |
| Respondents. | : |

## ORDER

AND NOW, THIS 2nd DAY OF FEBRUARY, 2018, upon *de novo* review of Magistrate Judge Schwab's Report & Recommendation (Doc. 144) and Plaintiffs' Objections thereto (Doc. 157), **IT IS HEREBY ORDERED THAT**:

1. The Report & Recommendation ("R&R"), (Doc. 144), is **ADOPTED** for the reasons discussed therein, except as modified below.

2. Petitioner's Objections, (Doc. 157), are **OVERRULED**. Petitioner's objections largely concern issues raised for the first time in his supplemental briefing. A habeas petition must "specify all the grounds for relief available to the petitioner and state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. 644, 655, 125 S. Ct. 2562, 2570, 162 L. Ed. 2d 582 (2005) (citing Habeas Corpus Rule 2(c)). Thus, to the extent Petitioner's objections relate to new issues not raised in his Petition, they do not form a sufficient basis to challenge the R&R's recommendation that the Petition be dismissed.

Even if Petitioner's objections are to be addressed on the merits, they must fail. Petitioner argues that he received ineffective assistance of counsel due to counsel's failure to object to or appeal the imposition of a two year probation term, even though it was not part of the plea agreement. Doc. 157 at 1-3. The R&R properly found that Petitioner's "guilty plea was knowing and voluntary," in part because the sentencing court "had informed the defendant that it had the right to reject the plea agreement" before issuing its sentence. R&R at 41. Petitioner did not show he suffered any prejudice, "as he does not explain how the alleged ineffective counsel at sentencing could possibly be considered as ineffective assistance in [his] determination to plead guilty," which was knowing and voluntary. *United States v. Robinson*, No. CIV. 04-884, 2004 WL 1169112, at *4 (E.D. Pa. Apr. 30, 2004). *See also Ortiz v. United States*, 2010 WL 376415, at *4 (D.N.J. Jan. 22, 2010) ("Such claims of ineffectiveness—even if true—had no bearing on Petitioner's voluntary waiver" of his rights at the plea hearing). For similar reasons, Petitioner's objection that his sentencing counsel was ineffective for "failing to file a notice of appeal" must also fail. Doc. 157 at 4. The issue is waived as it was not one of the issues raised in his PCRA petition. R&R at 11-12. *Smith v. Nish*, 2008 WL 4616850, at *5 (W.D. Pa. Oct. 16, 2008) ("All of the issues of trial counsel's ineffectiveness-other than the three raised in the counseled PCRA petition-that Petitioner raises...were waived in the state courts because they were never presented in the counseled amended PCRA petition."). Finally, the other

2

objections by Petitioner are without merit. The R&R properly addressed the issue of counsel's decisions with respect to challenging the search warrant, finding that counsel did "in fact, file[] a motion to suppress challenging both the validity of the warrant and the validity of the service of the warrant," and that evidence of the search warrant's invalidity was not presented only because "[Petitioner] pleaded guilty before the time for [a suppression] hearing." R&R at 32. Finally, Petitioner's objection to respondent's "refusal to release on record [a] 3 page analysis by trial counsel that was raised in [the] 10/26/12 PCRA evidentiary hearing" and other documents "that have vanished or refused to be released" are without factual basis and are not relevant to whether there are legally sufficient errors in the R&R's analysis. Doc. 157 at 12.

3. Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

4. A Certificate of Appealability **SHALL NOT ISSUE**.

5. The Clerk of Court is directed to **CLOSE** the case.

Robert D. Mariani
United States District Judge